

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-15-00074-CR

---

EX PARTE ANGEL RICKY
ESPINOZA A/K/A JOSE RICKY
ANGEL ESPINOZA

----------

FROM COUNTY COURT AT LAW NO. 1 OF PARKER COUNTY
TRIAL COURT NO. CIV-14-0999

----------

## MEMORANDUM OPINION[1]

----------

Angel Ricky Espinoza a/k/a Jose Ricky Angel Espinoza appeals from a trial court order denying his pretrial application for writ of habeas corpus.[2] We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

[2]We note that the trial court clerk has assigned this application a separate, civil cause number even though this is an application under section 11.072 of the code of criminal procedure. Tex. Code Crim. Proc. Ann. art. 11.072, § 4(b) (West Supp. 2014) ("At the time the application is filed, the clerk of the court shall assign the case a file number ancillary to that of the judgment of conviction or

As part of a plea bargain, appellant pled guilty to misdemeanor possession of a controlled substance. The trial court followed the agreed-upon punishment and assessed appellant's sentence at 180 days' confinement, probated for one year. After the State filed a motion to revoke appellant's community supervision, he filed this application for writ of habeas corpus, alleging that the written waiver of counsel he signed during the plea bargaining process was ineffective because he was not first admonished of immigration consequences specific to the offense in accordance with the reasoning of *Padilla*.[3] *Padilla v. Kentucky*, 559 U.S. 356, 373–74, 130 S. Ct. 1473, 1486–87 (2010). Appellant argued at the hearing on the application that because he is not a United States citizen, *Padilla* required the trial court to appoint counsel to advise him of the potential immigration

order being challenged."). Accordingly, we have assigned a criminal cause number to this case.

[3]Appellant argued in his application,

> The United States Supreme Court has held that "*counsel* must inform her client whether his plea carries a risk of deportation" in case[s] in which the criminal accused is not a citizen of the United States and therefore potentially subject to deportation as a result of disposition of the criminal charge by the court. The *Padilla* court in no way indicated neither does it appear colorably arguable the court intended to imply that a waiver is sufficient to meet the requirements of the Constitution where informs the criminal accused that a plea may or will carry the risk of deportation. Additionally, the waiver utilized in this case, besides being in eight or nine point font, was not specific to immigration consequences which might result from the plea. In fact, it appears that such consequences are mentioned nowhere in the waiver. [Citation omitted.]

2

consequences of the plea in order for his waiver of counsel to be knowing, intelligent, and voluntary.

After a hearing, the trial court denied appellant's application. In its order denying relief, the trial court found that the waiver of counsel that appellant signed in connection with the plea bargain "required [him] to understand that if he . . . is not a U.S. Citizen, a ple[a] of guilty or nolo contendere may result in deportation, exclusion from admission [to the] U.S., or denial of naturalization," and that before accepting appellant's plea, the trial court "ascertained that [appellant] had been admonished of his rights, and that [appellant] demonstrated an understanding of" the waiver, including its consequences. The trial court also found that appellant knowingly executed the waiver and agreed to the plea bargain. Thus, the trial court concluded that appellant freely, knowingly and voluntarily (1) waived his right to an attorney, (2) waived his right to apply for a court-appointed attorney, and (3) entered his plea.

We review a trial court's ruling on a habeas corpus application for abuse of discretion. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App.), *cert. denied*, 549 U.S. 1052 (2006). The trial court's application of the law to undisputed facts is reviewed de novo. *Ex parte Roberts*, 409 S.W.3d 759, 762 (Tex. App.—San Antonio 2013, no pet.). A defendant's sworn representation that his or her waiver of counsel and guilty plea are knowing, intelligent, and voluntary "constitute[s] a formidable barrier in any subsequent collateral proceedings." *Kniatt*, 206 S.W.3d at 664.

3

Although counsel referred to the status of similar persons in appellant's situation as "undocumented" and argued in the application that the impact on appellant is that he "may now face deportation and loss of the ability to re-enter the United States and to ever . . . gain legal permanent residency or citizenship,"[4] appellant provided no testimony regarding the nature of his noncitizen status. *See Ex parte Garcia*, 353 S.W.3d 785, 789 (Tex. Crim. App. 2011) ("Sworn pleadings provide an inadequate basis upon which to grant relief in habeas actions."). If, at the time of his plea and waiver of counsel, he was not present in the United States legally, then his plea or waiver of counsel could not be considered involuntary for the failure to inform him of immigration consequences specific to the charged offense, regardless of the applicability of *Padilla*. *Cf. State v. Guerrero*, 400 S.W.3d 576, 588–89 (Tex. Crim. App. 2013) ("Unlike Jose Padilla, appellee was an undocumented immigrant and was deportable for that reason alone, both in 1998 and today. Had appellee gone to trial with counsel and been acquitted he would not have been transformed into a legal resident. He could have been deported immediately after walking out of the criminal courthouse. The prospect of removal therefore could not reasonably have affected his decision to waive counsel and plead guilty." (footnotes omitted)).

If, instead, appellant had legal noncitizen status at the time of his plea, he has cited no law applying *Padilla*—a case deciding the extent of an attorney's

[4]Appellant also asserted in indigency filings that he did not have a social security number or identification card and, thus, could not work.

4

duty to his or client—to waivers of the right to counsel. *See U.S. v. Kabore*, No. 1:13-CR-217-ODE, 2014 WL 2809870, at *6 (N.D. Ga. June 19, 2014) (order) (holding that because applicant waived counsel in underlying state proceeding, *Padilla* is inapplicable). To do so would elevate the consideration of consequences of negative immigration status over other negative consequences that could occur when a defendant elects to waive the right to counsel. *See U.S. v. Ruiz*, 536 U.S. 622, 629, 122 S. Ct. 2450, 2455 (2002) ("[T]he law ordinarily considers a waiver knowing, intelligent, and sufficiently aware if the defendant fully understands the nature of the right and how it would likely apply *in general* in the circumstances—even though the defendant may not know the *specific detailed* consequences of invoking it."); *cf. Guerrero*, 400 S.W.3d at 589 (noting that court of criminal appeals has repeatedly held that article 26.13 statutory admonishments are not required in misdemeanor cases).

The State introduced as evidence a signed "Waiver of Lawyer and Request to Proceed Pro Se," which informed appellant of his right to be represented by a lawyer and to have a lawyer inform him of his "rights to a trial by jury and . . . other rights." The waiver also contained six detailed recitals, among them the following: "if I am not a U.S. citizen, a plea of guilty or nolo contend[e]re may result in deportation, exclusion from admission into the U.S., or denial of naturalization." The waiver further informed appellant that proceeding without counsel could lead to loss of any defenses, waiver of the right to complain about technical errors, and waiver of the right to—and ability to

5

complain on appeal about the lack of—effective assistance of counsel.  Finally, the waiver concludes,

> I have been advised by the Court of my right to representation by counsel in the trial of the charge pending against me.  I have been further advised that if I am unable to afford counsel, one will be appointed for me free of charge.  I acknowledge that I am an adult, have lived independent of my parents, have sufficient knowledge and education to understand what I am reading or ask question[s] about portions I do not understand and have no learning difficulties that impede day-to-day living.  I will immediately let the judge know of any misunderstandings or questions I have about the information contained on either side of this document.

> I have read and understand the foregoing as well as the other side of this paper.  The court has this date admonished me of the foregoing rights.  I waive arraignment by this court.  I waive my right to a lawyer in this case and request the court to proceed with my case without a lawyer being appointed for me.  I waive my right to counsel.

Underneath appellant's signature is the following recital, signed by the trial judge: "Defendant was admonished, demonstrated an understanding of the above . . . consequences of the waivers set forth herein and knowingly made such waivers of plea of guilty/nolo contend[e]re."  There is no evidence in the record that appellant did not understand or could not read English.[5]

Based on the foregoing, we conclude and hold that appellant did not meet his burden of defeating the presumption that the recitals in the written judgment are correct and, therefore, that the trial court did not abuse its discretion by

---

[5]Appellant's counsel asserted in the application that appellant had been living in the United States since he was between four and six months old.

denying relief.  *See Guerrero*, 400 S.W.3d at 583, 589.  We affirm the trial court's pretrial order.

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; GABRIEL and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  April 30, 2015